WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Duepner,<br><br>    Plaintiff,<br><br>v.<br><br>Government Employees Insurance Company and GEICO Casualty Company,<br><br>    Defendants. | No. CV14-00244 PHX DGC<br><br>**ORDER** |

Plaintiff has filed a motion to remand. Doc. 39. The motion is fully briefed, and no party has requested oral argument. For the reasons that follow, the Court will grant the motion.

Under 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal in this case was based on diversity jurisdiction and an amount in dispute of more than $75,000. Where, as here, "the complaint does not demand a dollar amount,

the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). To meet its burden, the defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Defendants argue that Plaintiff filed an offer of judgment with the complaint for $199,960 and called defense counsel's attention to a much higher bad faith judgment in another state. Defendants also note that the complaint alleges egregious wrongs on the part of Defendants.

Plaintiff notes that he has communicated an offer to settle this case for $70,000, and asserts that he will serve an offer of judgment in this amount if the case is remanded to state court. (Offers of judgment in federal court may be filed only by defendants. *See* Fed. R. Civ. P. 68(a).) In addition, Plaintiff notes that the actual loss from the vehicle break-in in this case is less than $5,000.

It appears to the Court that this case is likely worth less than $75,000. The fact that a high bad faith verdict has been entered in another state, that the complaint alleges egregious wrongs, or even that Plaintiff initially demanded more than $75,000 do not establish by a preponderance of the evidence that this case, which concerns personal property lost from the break-in of a vehicle, in fact is worth more than $75,000. As noted above, this Court should remand a matter to state court if there is any doubt about the Court's jurisdiction. The Court finds substantial doubt that the amount in controversy in this case will exceed $75,000, and therefore will remand the case to state court. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court").

/ / /

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 39) is **granted**. The Clerk shall remand this case to Maricopa County Superior Court.

Dated this 10th day of July, 2014.

*David G. Campbell*
David G. Campbell
United States District Judge